# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Alvin Adkins and Yvonne Bolden Adkins, both individually and as Next Friend for J.A., a minor,<br>　　　　Plaintiff,<br><br>v.<br><br>Leroy Dinkins, Jeannie Jefferson, Jasper County School District, Jasper County School District Board of Trustees, Ridgeland-Hardeeville High School, Jasper County, Greg Jenkins, Chris Malphrus, Deputy Stacy Loadholt, Deputy Michael Smith, Deputy Vickie Hanley, and Jasper County Sheriff Office,<br>　　　　Defendants. | Civil Action No. 9:18-481-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 73) recommending the Court grant in part and deny in part Defendants' motions for summary judgment (Dkt. Nos. 59 & 60). For the reasons set forth below, the Court adopts the R & R as the order of the Court, grants Defendants' motions as to Plaintiffs' 42 U.S.C. § 1983 claim, denies summary judgement without prejudice as to Plaintiffs' remaining state law claims, and remands said state law claims to Jasper County.

## I.     Background[1]

Plaintiffs' claims arise out of a disturbance that occurred at Ridgeland/Hardeeville High School in Jasper County on or about January 28, 2016. According the to the allegations in the

---

[1] All facts are viewed in a light most favorable to Plaintiff, the non-moving party.

Complaint, the minor Plaintiff J.A., a student, was in the lunchroom when another student got into a heated argument with a student at J.A.'s table. J.A. allegedly got up and went to the gym to avoid the "drama." The parties to the confrontation, however, also moved to the gym, where the dispute escalated into a full-scale brawl. School resource officers and other law enforcement were called to stop the fighting. Defendant Leroy Dinkins (a school employee), an athletic coach, and law enforcement all tried to break up the fight.

According to the Complaint, once the fighting had stopped, Dinkins, Defendant Jeannie Jefferson (another school employee) and law enforcement determined against whom charges would be filed. Plaintiffs allege that J.A. was one of the students detained as a potential suspect since he was in the gym during the melee, but that even though a number of the possible suspects as well as victims indicated that J.A. had nothing to do with the fight, and even though video from the security camera showed that J.A. was not involved in the fight, after Dinkins and Jefferson made "false accusations" against J.A., he was arrested by Defendants Hanley, Loadholt, and Smith (all Jasper County Sheriff's Deputies). J.A. was charged with various crimes and detained at the Department of Juvenile Justice (DJJ) in Columbia for six days, after which he was released. Plaintiffs allege all charges were eventually dropped against J.A.

On January 19, 2018, Plaintiffs filed a complaint in state court, which Defendants subsequently removed. In their Complaint Plaintiffs assert: (1) a state law claim against the law enforcement Defendants for negligence and gross negligence (First Cause of Action); (2) a state law claim for negligence and gross negligence against the school Defendants (Second Cause of Action); (3) a state law claim for intentional infliction of emotional distress/outrage against all of the Defendants (Third Cause of Action); (4) a state law claim for false imprisonment against all of the Defendants (Fourth Cause of Action); (5) a federal constitutional claim pursuant to § 1983

alleging improper search and seizure, excessive force, and a due process violation against Defendants Dinkins, Jefferson, Loadhold, Smith and Hanley (Fifth Cause of Action); (6) and a state law "necessaries" claim against all of the Defendants (Sixth Cause of Action). Plaintiffs seek actual and consequential damages, as well as punitive damages and related relief. *See* (Dkt. No. 1-1).

On November 20, 2019, Defendants moved for summary judgment. (Dkt. Nos. 59 & 60).[2] On January 6, 2020, Plaintiffs filed responses in opposition, (Dkt. Nos. 67 & 68), to which Defendants have filed a reply, (Dkt. No. 69).[3] Neither party filed objections to the R & R. Defendants' motions are fully briefed and ripe for disposition.

## II.     Legal Standard

### a.   Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72 (b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear

---

[2] School employee Defendants Dinkins and Jefferson's motion is Dkt. No. 59. The remaining Defendants' motion, including law enforcement Defendants, is Dkt. No. 60.

[3] As noted in the R & R, the parties entered into a stipulation agreeing to the dismissal of some of the originally named Defendants (Greg Jenkins, Chris Malphrus, the Jasper County School District Board of Trustees, Richland/Hardeeville High School, and Jasper County) and that these parties should be dismissed as party Defendants in this case. Further, the stipulation provides that Plaintiffs' Third Cause of Action for intentional infliction of emotional distress/outrage is also dismissed. (Dkt. No. 74).

error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted). "Moreover, in the absence of specific objection to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). Neither party filed objections in this case, and the R & R is reviewed for clear error.

  **b. Motion for Summary Judgment**

  To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

**III. Discussion**

  After a thorough review of the R & R, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded Defendants Loadholt, Hanley, Smith, Dinkins and Jefferies are entitled to summary judgment on Plaintiffs' § 1983 claim for unlawful search and seizure, excessive force, and violation of J.A's due process rights. The Magistrate Judge also

correctly determined that Plaintiff's remaining state law claims should be remanded to Jasper County.

### a. Unlawful Search and Seizure

Upon a review of the parties' arguments and the R & R, the Court finds the Magistrate Judge ably addressed the issues and correctly determined that Defendants Loadholt, Hanley, Smith, Dinkins and Jefferies are entitled to summary judgment on Plaintiffs' claim that Defendants lacked probable cause in arresting J.A..

As it pertains to Officers Loadholt and Hanley, and school employee Jefferson (now Jeannie Jefferson Lett), the Magistrate Judge correctly determined that the record contains no evidence showing any of the above were involved with the decision to arrest and charge J.A.. Loadholt, Hanley, and Jefferson are entitled to dismissal as party Defendants under Plaintiff's unlawful search/seizure claim. *See Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a Plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal rights").

As it pertains to Deputy Smith, the investigating and charging officer, the Magistrate Judge correctly determined that Smith is entitled to summary judgement on Plaintiffs' unlawful search and seizure claim. *See Brown v. Gilmore*, 278 F.3d 362, 368 (4th Cir. 2002) (finding that in assessing the existence of probable cause, courts examine the totality of the circumstances known to the officer at the time of the arrest, and that to prove an absence of probable cause a plaintiff must show "facts which made it unjustifiable for a reasonable officer to conclude that [he] was violating[the law]"). The Magistrate Judge correctly found that, viewing the totality of the evidence, even in a light most favorable to Plaintiffs, the non-moving party, no reasonable jury

could find Smith lacked probable cause to arrest J.A.. The Magistrate Judge accurately described the factual record, noting: (1) that J.A. admitted to being at the scene of the riot, (Dkt. No. 59-4 at 10); (2) that J.A. testified there were a great number of students involved ("Like 50") (Dkt. No. 61 at 27); and (3) that J.A. admitted that the video of the riot viewed by law enforcement prior to his arrest was "inconclusive" because it showed a "swarm" of people, (*id.* at 27, 47). The Magistrate Judge correctly noted Dinkins was undisputedly an eyewitness to the riot, and that Smith based his probably cause determination "upon [the] eyewitness testimony of Assistant Principal Dinkins who was present at the scene of the riot/altercation, who was in the center of the area of the fight, who was very familiar with the student involved from his lengthy position of authority over the students, and who very clearly and verbally and physically identified the students who were detained and those adults who were arrested." (Dkt. No. 60-7 ¶ 10). The Magistrate Judge noted that Dinkins provided a direct statement to Smith in front of J.A.—both identifying J.A. by his whole name and by Dinkins pointing him out—that J.A. "ran into the area of the fight 'swinging like a Wild man' and engaged in combative behavior . . . ." (*Id.* ¶¶ 11, 12) (noting Smith reviewed all video surveillance he was presented with in the presence of Dinkins and that Dinkins identified J.A.). Because Smith "had reasonably trustworthy information . . .sufficient to warrant a prudent [person] in believing that the [J.A.] had committed or was committing an offense," no reasonable jury could find Smith lacked probable cause to arrest J.A.. *United States v. Sowards*, 690 F.3d 583, 588 (4th Cir. 2012) (citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L.Ed.2d 142 (1964)).

Finally, as it pertains to Dinkins, the Magistrate Judge correctly determined that because there is no evidence that Dinkins made deliberate false statements identifying J.A. to law enforcement, he is entitled to summary judgment on Plaintiffs' claim. *See Berg v. County of Allegheny*, 219 F.3d 261, 272 (3rd Cir. 2000) ("It is thus clear that § 1983 liability for an unlawful

6

arrest can extend beyond the arresting officer to other officials whose *intentional* actions set the arresting officer in motion.") (emphasis added); *Friedman v. New York City Admin. for Children's Servs.*, No. 04-CV-3077(ERK), 2005 WL 2436219, at *8 (E.D.N.Y. Sept. 30, 2005) ("a defendant who causes an unlawful arrest or prosecution may be held responsible civilly if he does so by maliciously providing false information"); *see also United States v. Beckham*, 325 F. Supp. 2d 678, 687 (E.D. Va. 2004) (noting "[a]n eyewitness identification will constitute sufficient probable cause unless, at the time of the arrest, there is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken regarding his recollection of the confrontation") (citing *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir.1999)).

   b. **Excessive Force**

   Upon a review of the parties' arguments and the R & R, the Court finds the Magistrate Judge ably addressed the issues and correctly determined that Defendants are entitled to summary judgment on Plaintiffs' claim that Defendants used excessive force against J.A.. The Magistrate Judge accurately recounted the evidence adduced against Defendants and noted that, aside from being lawfully arrested and transported to DJJ upon a finding of probable cause by Smith, no physical force was used against J.A. whatsoever. This claim is dismissed as to all Defendants.

   c. **Due Process**

   Upon a review of the parties' arguments and the R & R, the Court finds the Magistrate Judge ably addressed the issues and correctly determined that Defendants are entitled to summary judgment on Plaintiffs' claim that Defendants violated J.A.'s due process rights. As the Magistrate Judge noted, in Plaintiffs' Fifth Cause of Action, Plaintiffs allege an unspecified "due process" violation and cite to the Fourteen Amendment. The Fourteenth Amendment,

however, makes the Fourth Amendment applicable to state and local governmental entities. *See Zelarno v. Taylor*, No. 09-2860, 2011 WL 3794143, at *3 (D.S.C. Aug. 24, 2011). As Plaintiffs' substantive Fourth Amendment claims have already been fully addressed by the Court, Plaintiffs' "due process" argument is dismissed as to all Defendants.

### d. Plaintiffs' Remaining State Law Claims

Having granted summary judgment to Defendants on Plaintiffs' sole federal law claim, the Magistrate Judge correctly concluded that Plaintiffs' remaining state law claims should be remanded to state court. The Magistrate Judge correctly applied *Carnegie-Mellon v. Cohill*, 484 U.S. 343 (1988) and found that judicial economy, convenience, fairness, and comity to state courts dictate that this action be remanded. *See, e.g.*, *Mills v. Leath*, 709 F. Supp. 671, 676 (D.S.C. 1988) (noting federal courts should decline to exercise pendant jurisdiction where the sole federal claim is dismissed and only state-law claims remain).

### IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 73) as the order of the Court. Defendants' motions for summary judgment (Dkt. Nos. 59 & 60) are **GRANTED** in part and **DENIED** in part. The motions are **GRANTED** to the extent that Plaintiffs' § 1983 claim is **DISMISSED**. The motion is **DENIED** to the extent that Plaintiffs' remaining state law claims are **REMANDED** to state court for disposition.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

May 28, 2020
Charleston, South Carolina